UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WILLIAM BOONE COTTRELL,

Plaintiff,

v.                                              CAUSE NO.: 3:19-CV-619-JD-MGG

MARSHALL COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

David William Boone Cottrell, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Cottrell alleges that, since his arrival at the Marshall County Jail in July 2019, he has been subjected to overcrowded conditions, which forces him to sleep on a thin mat on the floor and to be bitten by insects. He asserts that Sheriff Matthew Hassel and Jailer Bo Holcomb either caused these conditions or were aware of

them but did nothing to address them. Because Cottrell is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Cottrell states a plausible Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb.

Cottrell also names the Marshall County Jail as a defendant. Though the Marshall County Jail is where these events occurred, the jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, this defendant is dismissed.

For these reasons, the court:

(1) GRANTS David William Boone Cottrell leave to proceed on a Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb for money damages for

2

subjecting him to overcrowded conditions and forcing him to sleep on the floor since July 15, 2019;

(2) DISMISSES the Marshall County Jail;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel and Jailer Holcomb at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel and Jailer Holcomb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which David William Boone Cottrell has been granted leave to proceed in this screening order.

SO ORDERED on November 1, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT