UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WILLIAM BOONE COTTRELL,

Plaintiff,

v.                                                    CAUSE NO. 3:19-CV-619-JD-MGG

MATTHEW HASSEL, et al.,

Defendants.

OPINION AND ORDER

David William Boone Cottrell, a prisoner without a lawyer, proceeds on a

Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb for subjecting

him to overcrowded conditions at the Marshall County Jail, which forced him to sleep

on a thin mat on the floor and be bitten by insects. The defendants filed a motion for

summary judgment, arguing that they had limited personal involvement with Cottrell's

living conditions and they responded reasonably to the overcrowded conditions at the

Marshall County Jail.

The defendants also provided Cottrell with the summary judgment notice

required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56

and Local Rule 56-1. ECF 26. The notice informed Cottrell of the consequences of

forgoing a response. It advised that, unless he disputed the facts presented by the

defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further

advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ.

P. 56(a). Nevertheless, Cottrell did not file a response.

## FACTS

In support of the motion for summary judgment, Matt Hassel, the sheriff of Marshall County, submitted an affidavit, attesting as follows. ECF 25-1. The Marshall County Jail has 233 permanent beds. From 2017 to 2018, the average daily population of the jail rose sharply from 153 inmates to 210 inmates. As early as the fall of 2018, Sheriff Hassel developed concerns about the potential for overcrowding and met with other local governmental officials, including judges, the county council, and the county prosecutor, in an effort to find a solution, and the local governmental officials pursued substantial measures toward that end. Despite these efforts, the inmate population continued to rise in 2019 with the average daily inmate population first exceeding the permanent bed capacity in March, peaking in August with 292 inmates, and never falling below 232 inmates. However, in 2020, the average daily population began to fall, dropping below two hundred inmates by April and not rising above that average since.

Andrew Holcomb, chief jail officer at the Marshall County Jail, also submitted an affidavit (ECF 25-2), attesting that the overcrowded conditions culminated in the June 2019 decision[1] to assign one inmate to sleep on a six-inch thick mat on the floor in each of the jail's four-man cells, which was the largest cell available in the jail. While these floor assignments limited space to maneuver within these cells, inmates could still navigate without making physical contact with the floor assignee if they were careful.[2]

---

[1] Jail staff accommodated the surplus inmate population by using intake cells prior to this time. ECF 25-2 at 2.

[2] Jailer Holcomb attached photographs of this arrangement, and they are consistent with the description in his affidavit. ECF 25-2 at 8-15.

Inmates were also free to move about the dayroom, except at night between 10:00 p.m. and 7:00 a.m. and during a brief lockdown each afternoon for count. Jail staff also modified other areas of the jail to address the additional housing needs and ordered portable bunks so that inmates would no longer have to sleep on a mat on the floor.

Jailer Holcomb further attests that Cottrell was assigned to sleep on the floor in a four-man cell only between August 3 and August 31, 2019. The defendants use pest control services for the jail on a weekly basis or as necessary. They were unaware of Cottrell's specific living conditions as they relate to his sleeping arrangements or insect bites.

## STANDARD OF REVIEW

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

3

DISCUSSION

Cottrell asserts a Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb for subjecting him to overcrowded conditions at the Marshall County Jail which forced him to sleep on the floor and be bitten by insects. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[P]unishment can consist of actions taken with an expressed intent to punish," or, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). To prevail on such a claim, a plaintiff must show that the defendants' conduct was objectively unreasonable based on the facts and circumstances of his particular case. *Id.; Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

To start, the record demonstrates that the defendants were generally aware of the overcrowded conditions at the jail but contains no evidence that they were aware of Cottrell's specific living conditions. For Section 1983 claims against individuals, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Consequently, no reasonable jury could find in Cottrell's favor on allegations that he had a particularly thin mat during his floor assignment or that insects had infested his particular area of the jail.

4

Further, the record demonstrates that the defendants responded reasonably to the overcrowded conditions by coordinating with local governmental officials to reduce the inmate population during the year before the jail exceeded its permanent bed capacity. These efforts consisted of releasing inmates on bond, reducing sentences, and expediting criminal proceedings by establishing a new court and by hiring more prosecuting attorneys. With these substantial measures, they were able to reduce the inmate population below the permanent bed capacity within one year. They also attempted to reach an agreement with another county jail, though this effort was unsuccessful, and sought funding for a jail expansion, though an expansion no longer appears to be necessary due to the decreased inmate population throughout 2020. Further, the efforts to reduce the inmate population understandably took some time, and the defendants reasonably addressed the overcrowded conditions during the interim period by placing an additional inmate in their largest cells and by modifying various areas of the jail to include beds for the surplus inmate population. Additionally, the record contains no evidence to suggest that the overcrowded conditions warranted more extreme measures.

On this record, no reasonable jury could conclude that the defendants' response to the overcrowded conditions was objectively unreasonable. Therefore, the motion for summary judgment is granted with respect to the Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb. No other claims remain in this case.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 24);

    (2) DIRECTS the clerk to enter judgment in favor of the defendants and to close this case.

    SO ORDERED on December 16, 2020

                    /s/ JON E. DEGUILIO
                    CHIEF JUDGE
                    UNITED STATES DISTRICT COURT